UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WILSON,

        Plaintiff,

v.                                                CASE NO. 05-CV-73722-DT
                                                HON. GERALD E. ROSEN

JAMES O'DONNELL, THE WAYNE COUNTY
PROSECUTOR'S OFFICE, PORTIA ROBERSON,
DAWN JACK, and DONALD JOHNSON,

        Defendants.
_____/

## **ORDER OF DISMISSAL**

### I. Introduction

        Plaintiff David Wilson has filed a *pro se* civil rights complaint for money damages under 42 U.S.C. § 1983. Plaintiff is a state prisoner who has been granted permission to proceed without prepayment of the filing fee for this action.

        Defendants are: James O'Donnell and Donald Johnson, attorneys for the Legal Aid and Defender Association in Detroit, Michigan; the Wayne County Prosecutor's Office in Detroit; and Assistant Wayne County Prosecutors Portia Roberson and Dawn Jack.

        The complaint alleges that, in 2002, Plaintiff was charged in Wayne County with breaking and entering. He pleaded guilty to the lesser offense of receiving and concealing stolen property worth at least $1,000, but less than $20,000. In return, the prosecutor dismissed the breaking and entering charge and a supplemental information charging Plaintiff with being a fourth habitual offender. Defendant James O'Donnell represented Plaintiff during these proceedings, and defendant Donald Johnson was O'Donnell's supervisor at the time. Plaintiff

was sentenced to imprisonment for one and a half to five years.

Plaintiff claims that he possessed only $90.00 worth of stolen property and that O'Donnell induced him to plead guilty to an inapplicable statute. He claims that the Legal Aid and Defender Association conspired with the Wayne County Prosecutor's Office to conceal the actual value of the property in question. Plaintiff also alleges that the defendants falsely represented to him that he was charged with being a habitual offender. According to Plaintiff, the defendants' misconduct resulted in Plaintiff's conviction and in a miscarriage of justice.

## II. Discussion

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

> Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996) ("A motion to dismiss may be granted under Fed. R. Civ. P. 12(b)(6) 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'") (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

*Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

The pending complaint is frivolous and fails to state a claim because it challenges

2

Plaintiff's conviction. A civil rights action is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). "This 'favorable termination' requirement is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief – challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute." *Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (citing *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004)). Because success in this action would necessarily demonstrate the invalidity of Plaintiff's confinement or its duration, his § 1983 action is barred. *Wilkinson v. Dotson*, __ U.S. __, __, 125 S. Ct. 1242, 1248 (2005).

Plaintiff's allegations against the individual defendants are frivolous and fail to state a claim for the following additional reasons. Defendant O'Donnell was a public defender when this cause of action arose, and "a public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant." *Polk County v. Dodson*, 454 U.S. 312, 317 n.4 (1981). Plaintiff acknowledges this fact, but claims that defendants O'Donnell and Johnson acted under color of state law by virtue of their conspiracy with state actors.

"[T]he acts of a private party are fairly attributable to the state on certain occasions when the private party acted in concert with state actors." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 n.6 (1982). However, to prevail on a conspiracy claim under 42 U.S.C. § 1985(3),

3

> one must prove "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any rights or privilege of a citizen of the United States.'" *Vaklian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2001) (quoting *United Bd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)). Moreover, the Supreme Court has stated that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971).

*Radvansky v. Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005). Because Plaintiff has produced no evidence demonstrating that defendants' conduct was motivated by a racial or other class-based animus, his conspiracy claim is frivolous. Furthermore, the alleged state actors (the Wayne County Prosecutor's Office and assistant prosecutors Portia Roberson, and Dawn Jack) enjoy immunity from suit because the facts as alleged indicate that they were acting in their capacity as advocates for the State. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding "that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983").

Plaintiff claims that defendant Johnson is liable under a *respondeat superior* theory. However,

> [t]he Supreme Court has stated that § 1983 liability cannot be premised on a theory of respondeat superior. *Taylor v. Michigan Dep't of Corr.,* 69 F.3d 76, 81 (6th Cir. 1995) (citing *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). [S]upervisor liability under § 1983 is appropriate when "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it," or "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Id.* Likewise, simple awareness of employees' misconduct does not lead to supervisor liability. *Lillard v. Shelbey County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996).

4

*Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003).  Plaintiff has not shown that Johnson authorized, approved, or knowingly acquiesced in defendant O'Donnell's alleged misconduct.  Therefore, the allegations about Johnson fail to state a claim.

### III.  Conclusion

For all the reasons given above, Plaintiff's allegations are frivolous, fail to state a claim, and seek monetary relief from defendants who are immune from such relief.  The complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

S/GERALD A. ROSEN
GERALD E. ROSEN
UNITED STATES DISTRICT JUDGE

Date: 11/01/05