UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WILSON,

      Plaintiff,

v.                                                   CASE NO. 05-CV-73722-DT
                                                 HONORABLE GERALD E. ROSEN

JAMES O'DONNELL, THE WAYNE
COUNTY PROSECUTOR'S OFFICE,
PORTIA ROBERSON, DAWN JACK,
and DONALD JOHNSON,

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS
## FOR APPOINTMENT OF COUNSEL AND TO AMEND THE COMPLAINT

This matter is pending before the Court on Plaintiff's motion for appointment of counsel and his motion to amend his civil rights complaint. The Court dismissed the complaint on November 1, 2005, because it was frivolous, failed to state a claim, and sought monetary relief from defendants who are immune from such relief. On the same day, Plaintiff filed the pending motions for appointment of counsel and to amend the complaint. Because the Court was unaware of the motions when it dismissed the complaint, the Court will address the motions now.

Petitioner alleges in his motion to amend the complaint that assistant prosecutors Portia Roberson and Dawn Jack are entitled to qualified immunity, not absolute immunity from suit. Plaintiff also asserts that the defendants conspired together to deprive him of his constitutional rights.

"Qualified immunity grants government officials engaged in discretionary activities

immunity from individual liability for civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Higgason v. Stephens*, 288 F.3d 868, 876 (6th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "[I]f a prosecutor's actions are considered 'investigatory or administrative' in nature, then the prosecutor would only be entitled to qualified immunity." *Id.* at 877 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). A prosecutor is entitled to absolute immunity when he or she is functioning as a prosecutor and not as an investigator or administrator. *Id.* In deciding whether acts were prosecutorial or administrative and investigatory in nature, courts look to the nature of the function performed. *Id.* (quoting *Buckley*, 509 U.S. at 269).

> The Supreme Court explained in *Buckley* that
>
> acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.

*Buckley*, 509 U.S. at 273.

Plaintiff disputes the prosecutor's selection of the criminal charge against him. According to Plaintiff, the charge was based on an inaccurate assessment of the value of the stolen property Plaintiff received and concealed. Pursuant to *Buckley*, a prosecutor's professional evaluation of the evidence is entitled to absolute immunity. Therefore, Plaintiff's claim that defendants Roberson and Jack are entitled only to qualified immunity lacks merit.

Plaintiff's allegation of conspiracy likewise lacks merit. As the Court explained in its order of dismissal, Plaintiff has failed to satisfy the elements of a conspiracy claim under 42

U.S.C. § 1985(3).

Finally, district courts may not permit plaintiffs to amend their complaints to avoid summary dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Plaintiff's motion to amend the complaint [Doc. 4, Nov. 1, 2005] and Plaintiff's motion for appointment of counsel [Doc. #5, Nov. 1, 2005] therefore are DENIED.

                                              s/Gerald E. Rosen
                                              Gerald E. Rosen
                                              United States District Judge

Dated: December 15, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 15, 2005, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager